UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DWAYNE DORSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07-2240 |
| ) | |
| DONALD HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On November 8, 2007, Petitioner Dwayne Dorsey filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#5) in the United States District Court for the Northern District of Illinois. On November 30, 2007, the Petition was transferred to this court. On February 29, 2008, Respondent filed two Motions to Dismiss. In its First Motion to Dismiss (#16), Respondent argues that this court lacks jurisdiction to hear Petitioner's claim regarding his contempt of court finding. In its Second Motion to Dismiss (#17), Respondent argues that the remainder of Petitioner's claims are barred by the applicable statute of limitations under 28 U.S.C. § 2244. On March 10, 2008, Petitioner filed a Response to Respondent's Second Motion to Dismiss (#21) and a document which this court construes as Response to Respondent's First Motion to Dismiss (#20).[1] For the reasons stated below, Respondent's Motions to Dismiss are GRANTED.

---

[1] On March 10, 2008, Petitioner filed a Motion for Order to Allow Claims of Jurisdiction (#20). The court construes this as a Response to Respondent's First Motion to Dismiss. Therefore, Petitioner's Motion for Order To Allow Claims of Jurisdiction is DENIED as moot.

BACKGROUND

On April 19, 2002, following a jury trial, Petitioner Dwayne Dorsey was convicted of two counts of predatory criminal sexual assault of a child and one count of aggravated criminal sexual assault in the Circuit Court of Champaign County. Petitioner was sentenced to three thirty-year terms of imprisonment, to be served consecutively. On June 24, 2002, after Petitioner filed a motion to reconsider sentence, the Circuit Court resentenced Petitioner to thirty years' imprisonment for the first charge of predatory criminal sexual assault, sixty years' imprisonment for the second charge of predatory criminal sexual assault to be served consecutively, and thirty years' imprisonment for the charge of aggravated criminal sexual assault to be served concurrently. In a separate proceeding, Petitioner was sentenced to 180 days of incarceration after a finding of indirect criminal contempt of court. The cases were consolidated on appeal.

On January 8, 2004, the Illinois Appellate Court for the Fourth District affirmed the two convictions for predatory criminal sexual assault, affirming the thirty-year sentence for the first count and modifying the sixty-year sentence for the second count to a consecutive thirty-year sentence. The Illinois Appellate Court further vacated the conviction for aggravated criminal sexual assault. Finally, the Illinois Appellate Court dismissed the appeal for the contempt charge as Petitioner raised no issues relating thereto in the appeal. On October 30, 2004, Petitioner filed a Motion for Leave to File a Late Petition for Leave to Appeal (PLA) in the Illinois Supreme Court, which was denied on March 21, 2005. On April 8, 2005, Petitioner filed a Post-Conviction Petition in the Circuit Court of Champaign County. The trial court dismissed his petition, the appellate court affirmed, and Petitioner then filed a PLA in the Illinois Supreme Court, which was denied on September 26, 2007.

ANALYSIS

With regard to Petitioner's sentence on the finding of indirect criminal contempt, this court has jurisdiction only to entertain petitions for habeas relief from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This language has been construed by the Supreme Court to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). On November 11, 2007, Petitioner's 180-day sentence for contempt of court had long been terminated, and he was no longer being held under this conviction. Therefore, Petitioner's claims relative to this conviction must be dismissed.

The remainder of Petitioner's claims are subject to the one-year statute of limitations which applies to all applications for a writ of habeas corpus by those in custody "pursuant to the judgment and of a State court." 28 U.S.C. § 2244(d)(1). The statute provides that the one-year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because there is no evidence that subsections B, C, or D apply in this case, Petitioner's one-year clock began to run when the Illinois Appellate Court's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). When the Illinois Appellate Court rendered its decision on January 8, 2004, Illinois law allowed Petitioner twenty-one days to file a PLA or an affidavit of intent to file a PLA with the Illinois Supreme Court. See Ill. Sup. Ct. R. 315(b).[2] Thus, Petitioner's convictions became final on January 29, 2004, as Petitioner failed to file a PLA within the allotted time. Because the instant Petition was filed more than one year later, it is barred by the statute of limitations.

Petitioner's filing of a motion for leave to file a late PLA does not alter this conclusion. An ultimately denied motion to file a late PLA does not extend the accrual date of the one-year limitation period set forth in § 2244(d)(1). See Tate v. Pierson, 177 F. Supp. 2d 792, 797 (N.D. Ill. 2001) (an ultimately denied motion to file a late PLA could not extend the accrual date of the one-year limitation period); see also Proctor v. Wright, 2007 WL 433099 at *3, *8 (N.D. Ill. 2007) (judgment deemed final 35 days after appellate court decision notwithstanding the petitioner's ultimately denied motion for leave to file a late PLA); Gonzales v. Snyder, 2003 WL 22052990 at *1-2 (N.D. Ill. 2003) (the petitioner not given credit against his habeas clock for the time between the ruling of the appellate court and his motion to file a late direct appeal PLA). While a "properly filed application for State post-conviction or other collateral review" will toll the statute of limitations, Petitioner's Petition for Post-Conviction Relief was filed on April 1, 2005, more than two months after the one-year period had

---

[2] In 2006, the Rule was modified to allow for a 35-day window for filing a petition for leave to appeal, but in 2004, the relevant time frame was 21 days. Under either limitation, Petitioner's PLA was untimely.

expired. See 28 U.S.C. § 2244(d)(2). Thus, even were this court to exclude the time period during which the post-conviction petition was pending, the instant petition would remain time-barred.

Petitioner argues in his Response that equitable tolling should exempt him from the one-year limitation period. In order to establish equitable tolling, Petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance" prevented him from filing his habeas petition. Pace v. DeGuglielmo, 544 U.S. 408, 418 (2005). The Seventh Circuit has acknowledged that this doctrine may apply to § 2244, but emphasized that it is granted only rarely. Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007). To support his claim of extraordinary circumstances, Petitioner alleges that the State withheld parts of the record, including transcripts and exhibits, and that his appointed counsel at trial and on appeal argued falsified information.[3] The Seventh Circuit, however, has previously rejected such claims as the basis for equitable tolling. In Lloyd v. Van Natta, 296 F.3d 630 (7th Cir. 2002), the Seventh Circuit held that a "state's alleged refusal to provide [the petitioner] with a complete transcript does not justify equitable tolling," as it does not prevent a prisoner from obtaining the information he needs to file a habeas petition. Lloyd, 296 F.3d at 633. By the same reasoning, attorney misconduct at trial does not constitute the extraordinary circumstances required by Pace, as it does not interfere with a prisoner's ability to file a petition. Therefore, Petitioner has not met his burden of proving extraordinary circumstances, and equitable tolling does not apply. Accordingly, this court concludes the Petition must be dismissed as untimely.

---

[3] On March 12, 2008, Petitioner filed a Motion to Subpoena Video Surveillance (#22). It appears to the court that Petitioner is requesting a copy of a video recording of a December 18, 2001, hearing held via teleconference. There is no evidence before the court that such a recording exists, and even if it did, it would have no bearing on this court's decision. The Motion to Subpoena Video Surveillance is thus DENIED.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Allow Claims of Jurisdiction [20] is denied as MOOT.

(2) Petitioner's Motion to Subpoena Video Surveillance [22] is DENIED.

(3) Respondent's Motions to Dismiss ([16], [17]) are GRANTED.  Petitioner's Petition for Writ of Habeas Corpus [5] is dismissed with prejudice.

(4) This case is terminated.

ENTERED this 22nd day of May8, 2008.

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE